

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2587 | **DATE** | 9/6/2001 |
| **CASE TITLE** | ALBERT MAMO vs. MARK A. PIERSON | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: As it is clear from the petition and exhibit that Petitioner Mamo is not entitled to habeas relief, this petition is summarily dismissed under Rule 4.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |

number of notices

SEP 0 7 2001
date docketed

_mm_
docketing deputy initials

date mailed notice

**Document Number**

4

TBK
courtroom deputy's initials

FD-7
FILED FOR DOCKETING
01 SEP -7 AM 8:45

Date/time received in central Clerk's Office

mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States ex rel.                    )
                                         )
ALBERT MAMO (#K66216),                   )
                                         )
        Petitioner,                      )    No. 01 C 2587
                                         )
        v.                               )
                                         )    Judge Ronald A. Guzmán  **DOCKETED**
MARK A. PIERSON, Warden,                 )
                                         )    SEP 0 7 2001
        Respondent.                      )

## MEMORANDUM OPINION AND ORDER

Petitioner Albert Mamo, represented by counsel, has filed this petition for habeas corpus under 28 U.S.C. § 2254 challenging his conviction for first degree murder in the Circuit Court of Cook County, Illinois. His conviction was affirmed by the Illinois Appellate Court on August 4, 2000, *People v. Mamo*, No. 1-98-2517 (unpublished opinion), Pet. Exh. 1, and the Illinois Supreme Court denied leave to appeal on November 29, 2000, Pet. Exh. 2. Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court is required to conduct a preliminary review of a habeas petition before requiring the state to answer it. If it plainly appears from the face of the petition and its exhibits that the petitioner is not entitled to relief, the petition is to be dismissed.

Phillip Terc was shot during an altercation on October 15, 1995, when he and a companion, Allen Davis, stopped at Granville and Claremont in Chicago after Terc recognized one man in a group of four standing on the corner. Thinking they were members of a rival gang, the men attacked Davis and Terc, seizing the car keys from Davis so he could not drive away. Terc was killed by a single shot that pierced his aorta. In a statement made to an Assistant State's Attorney, Mamo admitted to being a member of the Latin Kings street gang. He approached a group of four men, also Latin Kings, at the corner of Granville and Claremont and they went over to a parked car in which Terc and Davis were sitting. Mamo didn't recognize them, and because they did not offer the appropriate gang signs, he thought they might be

4

"Folks," members of a rival gang. He reached inside the car and punched the passenger, Terc. As he was hitting Terc, one of the Latin Kings, William Concepcion, reached into the car and shot Terc.

The jury was instructed that Mamo could be convicted of a murder committed by another person on either of two theories: "accountability" and felony-murder. Mamo's counsel objected to the felony-murder instruction at the instruction conference and again in a post-trial motion, contending that the offense of vehicular invasion was not a "forcible felony" that would support a felony-murder conviction. These objections were overruled. Mamo's counsel failed to object to the use of a general verdict form that did not specify which theory the jury applied in arriving at their verdict. The jury found Mamo guilty of murder and he was sentenced to a term of thirty years' imprisonment.

On appeal, Mamo argued that (1) the trial court erred in instructing the jury that Mamo could be found guilty of felony-murder based upon a predicate offense of vehicular invasion; (2) Mamo's trial counsel was ineffective in failing to request special verdict forms for each theory of liability; (3) Mamo was not proven guilty beyond a reasonable doubt; and (4) Mamo's sentence was excessive. The Illinois Appellate Court rejected each of these contentions. Mamo renews them here, except for the claim he received an excessive sentence, normally purely a matter of state law not reviewed in federal habeas proceedings. *Gleason v. Welborn*, 42 F.3d 1107, 1112 (7th Cir. 1994), *cert. denied*, 513 U.S. 1109 (1995).

Mamo's claims all derive from his first claim, that a felony-murder conviction cannot rest upon a predicate offense of vehicular invasion. If this were true, then the general verdict form made it impossible to ascertain whether the jury had found him guilty beyond a reasonable doubt on the valid theory of accountability or the invalid theory of felony-murder. If Mamo's counsel's failure to object to the general verdict form waived Mamo's challenge to his conviction on this ground, then Mamo's counsel had not rendered effective assistance.

On the other hand, if Mamo could properly have been convicted of Terc's murder on a felony-murder theory, he has no claim. Under Illinois law, felony-murder is not a separate crime; a homicide in the course of attempting or committing a forcible felony (other than second-degree murder) is simply one form of first-degree murder. 720 ILCS 5/9-1(a)(3). The United

2

States Supreme Court has held that due process does not require that a jury specify which alternative theory they accepted in finding the defendant guilty of an offense. *Schad v. Arizona*, 501 U.S. 624 (1991).

A federal court may not grant a writ of habeas corpus on the basis of a claim rejected by state courts unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Under that standard we analyze the Illinois Appellate Court's decision.

The Illinois Appellate Court first established that Mamo could have properly been found guilty beyond a reasonable doubt on an accountability theory. Under Illinois law, "a person is legally accountable for the conduct of another when ... either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." 720 ILCS 5/5-2. As Illinois courts have interpreted the statute, a defendant need not have had the specific intent to aid or abet the particular crime charged; if he joins with another "in a common criminal design or agreement," he is accountable for any crime committed in the course of their criminal activity. *People v. Terry*, 99 Ill.2d 508, 514, 460 N.E.2d 746, 749 (1984); *People v. O'Reilly*, 250 Ill.App.3d 622, 625, 621 N.E.2d 194, 196 (1st Dist. 1993).

The Illinois Appellate Court found there was sufficient evidence for a reasonable jury to have convicted Mamo on a theory of accountability, finding beyond a reasonable doubt that Mamo and Concepcion shared a common criminal design to assault Davis and Terc. Pet. Exh. A at 8. Mamo does not dispute that conclusion here, relying on his contention that the alternative theory of felony-murder was invalid, and since the general verdict form made it impossible to ascertain which theory the jury applied, his conviction is invalid as well.

The Illinois Appellate Court rejected Mamo's claims on two alternative grounds. First, the court relied on a rule of Illinois law, that "where an indictment contains several counts arising out of a single transaction and a general verdict is returned, the effect is that the defendant is guilty as charged in each count to which the proof is applicable." *People v. Cardona*, 158 Ill.2d

403, 411, 634 N.E.2d 720, 723 (1995), *cited in People v. Mamo*, Pet. Exh. 1 at 9. When multiple convictions are obtained for offenses arising out of a single act, only the conviction for the most serious charge of murder is upheld and the convictions on the less serious charges of murder are vacated. *Id.* Where there are guilty verdicts on separate counts of felony-murder and intentional murder on a theory of accountability, the intentional murder is considered the more serious. *Id.* Consequently, the court reasoned, Mamo was "really" convicted of intentional murder on an accountability theory, and since there was evidence to sustain a conviction on this basis, it was irrelevant that Mamo's counsel had not requested specific verdict forms. *People v. Mamo*, Pet. Exh. 1 at 9-10.

We believe this rationale is constitutionally inadequate. "The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime of which he was charged." *In re Winship*, 397 U.S. 358, 364 (1970). Evidence to support a conviction under an accountability theory means no more than that a rational jury *could* have found the evidence proved Mamo guilty beyond a reasonable doubt on that theory. But if the jury could have convicted Mamo either on that theory or on a theory that required them to find certain facts that did not, as a matter of Illinois law, constitute murder, the Constitution has not been satisfied. If there is no way to know which theory the jury followed, it does not salvage the conviction to say that the jury *could* have convicted him on the proper one. *See Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993)("to hypothesize a guilty verdict that was never in fact rendered--no matter how inescapable the findings to support that verdict might be--would violate the jury-trial guarantee").

Not only is the Illinois Appellate Court's reasoning inconsistent with Supreme Court precedent, it ducks Mamo's subsidiary claim of ineffective assistance of counsel. If using the general verdict form results in a presumption that the conviction rests on accountability rather than felony-murder and the felony-murder theory is invalid, Mamo's counsel was *prima facie* ineffective in permitting that presumption to control the outcome by failing to insist on a special verdict form. On the other hand, if the felony-murder theory was valid, the presumption did not prejudice Mamo, and he has no ineffective assistance of counsel claim, either.

So we turn to the Illinois Appellate Court's second rationale, that the felony-murder instruction was proper. A person commits felony-murder when he kills another without lawful justification and "in performing the acts which cause the death ... "he is attempting or committing a forcible felony other than second degree murder." 720 ILCS 5/9-1. A "forcible felony" is defined as any of a series of listed offenses, as well as "any other felony which involves the use or threat of physical force or violence against any individual." 720 ILCS 5/2-8. Mamo contended on direct appeal, as he does here, that vehicular invasion is not a "forcible felony" that will support a conviction for felony-murder.

A person commits vehicular invasion by "knowingly, by force and without lawful justification, enter[ing] or reach[ing] into the interior of a motor vehicle ... while such motor vehicle is occupied by another person or persons, with the intent to commit therein a theft or felony." 720 ILCS 5/12-11.1. Mamo argues that vehicular invasion does not necessarily involve force or violence against an individual.[1] Mamo also argues here, as he presumably argued on appeal, that the list of offenses named as forcible felonies in 720 ILCS 5/2-8 has been amended since the legislature created the crime of vehicular invasion, showing that the legislature did not intend that it be considered a forcible felony. Pet. at 12.

The Illinois Appellate court responded that it is not the inherent nature of a felony that makes it "forcible," but the manner in which the particular offense is committed. The court quoted *People v. Golson*, 32 Ill.2d 398, 407-408, 207 N.E.2d 68, 73-74 (1965): "the test to be applied in determining whether the felony-murder doctrine is applicable is not whether the felony is normally classified as non-violent, but is whether, under the facts of a particular case, it is contemplated that violence might be necessary to enable the conspirators to carry out their common purpose." Whether vehicular invasion is necessarily violent, the Appellate Court concluded, this one clearly was -- Mamo reached into the car not to snatch a purse, but to punch Terc -- and so qualified as a "forcible felony." Pet. Exh. 1 at 6-7.

Mamo's counsel renews his arguments here, but in doing so he misunderstands the role of a federal court on habeas review. A federal court may grant a writ of habeas corpus only if the

---

[1] Mamo apparently overlooks the inclusion of burglary, also usually a non-violent offense, in the list of forcible felonies. Burglary creates a risk of violence if the building the burglar enters is occupied; forcibly entering an occupied vehicle creates at least the same risk.

5

petitioner is in custody contrary to the Constitution or laws of the United States; errors of the state courts in interpreting or applying state law are not grounds for habeas relief unless they result in a denial of the defendant's constitutional rights. *Estelle v. McGuire,* 502 U.S. 62, 68 (1991); *Del Vecchio v. Illinois Department of Corrections*, 31 F.3d 1363, 1385 (7th Cir. 1994)(en banc), *cert. denied*, 514 U.S. 1037 (1995).

While the Constitution requires the state to prove a defendant guilty beyond a reasonable doubt of all elements of a criminal offense, defining the offense is a matter of state law for state legislatures and state courts. *Burris v. Farley*, 51 F.3d 655, 659-60 (7th Cir. 1995). A federal habeas petitioner cannot argue that if the state courts had "correctly" defined the offense, he would not have been convicted. This argument cannot be introduced through the back door as a challenge to the sufficiency of the evidence. *See Bates v. McCaughtry*, 934 F.2d 99, 102-103 (7th Cir. 1991), *cert. denied*, 502 U.S. 915 (1991).

Mamo made his arguments to the Illinois courts, and they were rejected. This court may not overrule the Illinois courts and determine that vehicular invasion is not a forcible felony for purposes of the Illinois murder statute. Conceivably Mamo could have a constitutional due-process claim if the Illinois courts had acted capriciously and unpredictably in deeming this vehicular invasion a forcible felony, *see Tucker v. Ahitow*, 52 F.3d 653, 655 (7th Cir. 1995), but it is an argument he does not make and one he would lose on the facts of this case.

*Golson* has not been overruled, although recently the Illinois Supreme Court, while citing *Golson*, appeared to take a position more consistent with Mamo's, emphasizing the "inherent dangerousness" of forcible felonies and the requirement that the homicide be a "direct and foreseeable consequence" of the predicate felony. *See People v. Lowery*, 178 Ill.2d 462, 468-470, 687 N.E.2d 973, 977-78 (1997). But this is immaterial; the Illinois courts have rejected Mamo's position, and "once that court has spoken in such a specific way on a matter of Illinois law, we are hard pressed to rule differently." *Del Vecchio*, supra. As Judge Shadur of this court stated in *O'Reilly v. Page*, 867 F.Supp. 737, 739 (N.D.Ill. 1994): "[T]he substantive criminal law of a state is defined by *its* courts and not by federal courts sitting in habeas corpus. To put the matter in simplest terms, the definitive exposition of Illinois law applicable to *this* case is not

that contained in *People v. Taylor* [cited to show that the Illinois Appellate Court misapplied Illinois law] but rather its expression in *People v. O'Reilly* [the petitioner's own case]."

Mamo also argues that if the felony-murder statute is interpreted to permit a case-by-case determination of whether a felony not listed in 720 ILCS 5/2-8 is a "forcible felony," then the question whether the predicate felony "involved the use or threat of physical force or violence against an individual" must be made by the jury. The court cannot address this claim because it was never presented to the Illinois courts.

Although Mamo cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000), this is not really an *Apprendi* claim. *Apprendi* held that any fact, other than the fact of prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. The claim Mamo raises here is not that the trial judge impermissibly found facts that enhanced his sentence, but that the judge, by concluding as a matter of law that Mamo had used or threatened force in committing a vehicular invasion, removed an "element" of the crime from the jury's consideration and determined a fact without which Mamo could not have been convicted on the felony-murder theory.

At trial, Mamo's counsel objected to the judge's *conclusion* that the vehicular invasion was a forcible felony, but the petition does not say Mamo's counsel objected to the *manner* in which that conclusion was reached, i.e., that the question whether Mamo had committed a "forcible" felony should have been put to the jury. Once the trial court had made it clear, over Mamo's counsel's objection, that it considered the charged vehicular invasion to be a "forcible felony," Mamo's counsel should have asked for a verdict form that not only required the jury to give a separate verdict on the felony-murder theory, but required the jury to state whether, if it found Mamo guilty of vehicular invasion, his conduct "involved the use or threat of physical force or violence against an individual." Nothing suggests that this was done, nor that the issue was ever raised in a post-trial motion or on appeal.

It is elementary habeas corpus law that a claim that is not presented to the state courts in such a manner as to give fair notice of the constitutional basis of the claim is procedurally defaulted. *Wilson v. Briley*, 243 F.3d 325 (7th Cir. 2001). While the default may be avoided by showing cause and prejudice, usually in the form of ineffectiveness of trial and appellate counsel,

claims of ineffective assistance of counsel claimed to excuse a procedural default must themselves have been properly presented to the state courts. *Edwards v. Carpenter*, 529 U.S. 446 (2000); *Lemons v. O'Sullivan*, 54 F.3d 357, 360-61 (7th Cir. 1995), *cert. denied*, 516 U.S. 993 (1995). This was not done with respect to this claim, and this court cannot consider it.

Even assuming, *arguendo*, that this claim is truly based on the Supreme Court's opinion in *Apprendi*, and that the unexpected novelty of *Apprendi*'s holding excuses Mamo's failure to raise this claim in the Illinois courts, this court could still not address it. The Supreme Court has not declared *Apprendi* to be applicable on collateral review, and the Seventh Circuit has held that this is a determination reserved for the Supreme Court alone; lower courts should not presume to apply the criteria set forth in *Teague v. Lane*, 489 U.S. 288 (1989), to determine retroactivity on their own. *Talbott v. Indiana*, 226 F.3d 866, 868-69; *Bennett v. United States*, 119 F.3d 470 (7th Cir. 1997).

As it is clear from the petition and exhibit that Mamo is not entitled to habeas relief, this petition is summarily dismissed under Rule 4. Petitioner may appeal this dismissal only if this court or the Court of Appeals grants a certificate of appealability under 28 U.S.C. § 2253(c). A certificate of appealability requires a substantial showing of the denial of a constitutional right, "a showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented are 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983).

IT IS SO ORDERED.

Ronald A. Guzmán, Judge
United States District Court

DATED: 9-6-01

8